Joseph Detloff, Appellee, v. Anton J. Weiland et al.,
Appeal of Alexander Reinowski, Appellant.

Gen. No. 15,504.

APPEALS AND ERRORS—*when findings of chancellor set aside.* If
findings of fact by the chancellor are not supported by the evidence
they will be set aside and a decree predicated thereon reversed.

Bill for accounting, etc. Appeal from the Circuit Court of Cook
county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in
this court at the March term, 1909. Reversed and remanded. Opin-
ion filed February 16, 1911.

A. W. MARTIN and EDWARD H. S. MARTIN, for ap-
pellant.

WM. M. & WM. S. JOHNSTON, for appellee.

MR. JUSTICE SMITH delivered the opinion of the
court.

The appellee filed a bill in the Circuit Court of Cook
county alleging that in October, 1905, he owned and
resided on a certain farm in Wisconsin; that one
Weiland, by certain fraudulent representations, recit-
ing same, secured from appellee a conveyance of said
farm and thereafter conveyed same to one Reinowski,
who conveyed same in exchange for certain premises
known and described as 95 Lister avenue, in Chicago;
that Reinowski was a party to the fraud; and prayed
the court for an accounting and that appellee be de-
creed to be the equitable owner of said 95 Lister
avenue, etc. Answers were filed and on a hearing
the court found for the complainant and entered a
decree finding, among other things, that Reinowski
was a party to the fraud, and decreed that appellee
have a lien for $1,450, with interest, etc., on said 95
Lister avenue, and unless same be paid, etc., the said
premises be sold, etc. Reinowski alone appeals.

Appellee said he came from German Poland and claimed that he was unable to read or write English, and was an ignorant, unsuspecting old man; also said he came to this country in 1870, worked for the Chicago and Northwestern "in the yard on iron" for fourteen years; that he then went into the teaming business, where he sometimes talked English, and conducted said business until 1896, when he purchased and went to live on said farm; that on October 6, 1905, Anton J. Weiland, who was his son-in-law, came to see him; that they talked about Weiland buying the farm and the next day he sold and conveyed the farm to Weiland for the consideration of $2,500 and the further consideration that Weiland move onto the farm and keep appellee and his wife as long as they lived. The testimony was conflicting as to many of the details of this transaction. Weiland said he purchased the farm for $2,500, and denied that he agreed as a further consideration he would give appellee and wife a home, At the time of this transaction appellee owed Weiland about $1,350 for loans made appellee from time to time, including a mortgage of $336 paid by Weiland October 7th, when the said conveyance was made. Weiland gave appellee a note for $1,100, payable in five years. Appellee claims that the note was to be payable in one year and was to be secured by a mortgage on the farm, but Weiland deceived him, etc. The remaining $50 Weiland was to pay in cash, but did not pay it. There was conflicting testimony as to the value of the farm, but the court found it was $2,900.

The findings of the court and the decree as to Weiland are not questioned and not before us for review. Assuming, therefore, that Weiland was guilty of fraudulent representations, etc., as found by the court, the question is: Was Reinowski a party thereto? Reinowski was also a son-in-law of appellee, and at the time divorced. His two children were on a cousin's farm about ten minutes' walk from appellee's.

Thanksgiving, 1905, Reinowski went to visit his children. He called on appellee and wife, and on December 2, 1905, appellee and wife, Weiland and Reinowski went to Necedah. Appellee made a bill of sale of certain personal property to Reinowski and Weiland paid a mortgage of $106 on a binder. Weiland conveyed the farm to Reinowski and appellee told them he knew Weiland had sold the farm to Reinowski, and he wanted his note paid. Weiland promised to go to Chicago and get the money and pay the note. Appellee then agreed with Reinowski that he and his wife would stay on the farm until April and Reinowski's two children would stay with them and Reinowski would pay appellee and his wife each ten dollars a month. Reinowski went on the farm April 7, 1906, and began to work same. On April 12th Mrs. Detloff died. On June 29th appellee went to Chicago to see Weiland to get his money. He saw Weiland, but not receiving any money, in December, 1906, filed the bill herein.

It is clear that Reinowski knew that appellee had conveyed the farm to Weiland for a consideration of $2,500, but there is no evidence that Reinowski knew of or took part in any of the claimed fraudulent representations made by Weiland, and there is no evidence that Reinowski knew that appellee claimed the further consideration of providing a home for appellee and wife. Appellee said that he never told Reinowski of his agreement, and so far as he knew Reinowski did not know of same. Reinowski offered evidence tending to prove his good faith in exchanging the farm for 95 Lister avenue, but for some reason, not clear to us, was not permitted to do so. Whatever may be conjectured, there is no evidence of any fraud on the part of Reinowski to support this decree as to him, and the decree is reversed as to Reinowski and the cause remanded to the Circuit Court with directions to dismiss the bill as to Reinowski for want of equity.

*Reversed and remanded with directions.*